UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **RICHARD J.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**[1]<br><br>    **Defendant.** | NO. EP-22-CV-00476-LS |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of his application for supplemental security income. I **AFFIRM** the Commissioner's decision.

**I.     Facts and Proceedings.**

Plaintiff alleges he became disabled on January 1, 2016[2] because of "Giant Cell Tumor (Bone Cancer) Unstaged."[3] An SSA Administrative Law Judge ("ALJ") held a hearing on May 19, 2022 and heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] In an opinion dated June 10, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[5] The Appeals Council denied his request for review on November 4, 2022, making the decision of the ALJ the final decision of the Commissioner.[6] Plaintiff argues in this appeal that the ALJ insufficiently addressed Plaintiff's alleged mobility

---

[1] "SSA."
[2] R:184.
[3] R:76.
[4] R:41-74.
[5] R:21-33.
[6] R:7-9.

problems and insufficiently evaluated a physician's letter. I **AFFIRM** the Commissioner's decision.

II.    Discussion.

   A.    Legal Standards.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[7] Substantial evidence "is more than a mere scintilla and less than a preponderance."[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[12] The Commissioner, not the courts,

---

[7] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[8] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[9] *Masterson*, 309 F.3d at 272.
[10] 20 C.F.R. § 416.920; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).

must resolve conflicts in the evidence.[13] Finally, even if there is error at the ALJ level, remand to the SSA is warranted only if the error was harmful.[14] The Plaintiff's burden is to show that the ALJ's "error was prejudicial."[15]

### B. Residual Functional Capacity.

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility for determining a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his or her past jobs.[20] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[21]

### C. The ALJ's Findings.

In this case, the ALJ found that Plaintiff had the following severe impairments: "recurrent right pelvic giant cell tumor, hammertoe and obesity."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ found that Plaintiff can perform sedentary work with certain restrictions.[24]

---

[13] *Id.*
[14] *Miller v. Kijakazi*, 2023 U.S. App. LEXIS 1118, at *8 (5th Cir. Jan. 18, 2023), citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).
[15] *Id.*, citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (footnote omitted).
[16] 20 C.F.R. § 416.945(a)(1).
[17] *Id.* at § 416.946(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. § 416.929(d)(4), 416.945(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. § 416.920(e).
[21] *Id.*
[22] R:23.
[23] R:25.
[24] R:26-31.

Although Plaintiff had never worked,[25] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform."[26] Accordingly, the ALJ found Plaintiff not disabled and not entitled to supplemental security income.[27]

### D.  Plaintiff's mobility.

Plaintiff argues that the ALJ's RFC assessment is flawed because it does not sufficiently address the sitting, standing, and walking limitations Plaintiff described during his hearing on May 19, 2022. The ALJ's decision traces in detail Plaintiff's ambulatory problems that arose from a pelvic bone tumor and a December 2020 operation to remove it.[28] The decision, however, explains that Plaintiff had completely recovered by March 2022, three months before the hearing. Dr. John Patterson examined Plaintiff that month and recorded that Plaintiff had "normal gait," "normal tone and motor strength," "normal movement of all extremities," "ambulates without assistance," had no weakness or numbness, had no gait dysfunction, "no muscle aches or weakness," and "no difficulty walking."[29] Plaintiff himself reported to Dr. Patterson that he "exercises on a regular basis," had an increase in his physical activity, and was in "good physical condition."[30]

Notwithstanding this completely normal exam three months before Plaintiff's hearing, the ALJ nevertheless included heightened physical restrictions in Plaintiff's RFC. Accordingly, not only did the ALJ did not err in generating Plaintiff's RFC, any such error would be rendered harmless given the heightened physical restrictions included in Plaintiff's RFC.

### E.  Dr. Montgomery's Letter.

Plaintiff also argues that the ALJ insufficiently evaluated an April 2021 letter from Dr.

---

[25] R:31.
[26] R:32.
[27] R:33.
[28] R:27-31.
[29] R:888-89.
[30] R:887.

Montgomery in which she opined that Plaintiff's surgery "left him very limited and needing significant assist (sic) of help from his family to help him mobilize and do activities of daily living."[31] Plaintiff is correct that the ALJ was required to[32] explain whether Dr. Montgomery's opinion is supported[33] and consistent[34] with other medical source evidence, but the decision reflects that the ALJ did just that. In the context of evaluating Plaintiff's medical records concerning his longitudinal recovery from his surgery, the ALJ specifically noted that Dr. Montgomery examined Plaintiff in February 2021 and "noted that [Plaintiff] was doing well, progressing with physical therapy, and was ambulatory without an assistive device," that Plaintiff's "[p]hysical examination was unremarkable," and that Plaintiff "was encouraged to engage in activity as tolerated and continue physical therapy."[35] These April 2021 records are entirely consistent with and support the ALJ's observations about Plaintiff's longitudinal recovery and the completely normal physical findings that Dr. Patterson observed in March 2022, explained above.

**Conclusion.**

Substantial evidence supports the ALJ's determination and I find no legal error. Accordingly, the Commissioner's decision is **AFFIRMED.**

---

[31] Doc No. 10, at 13, citing R:692.
[32] "The factors of supportability…and consistency…are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions…to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions…in your determination or decision." 20 C.F.R. § 416.920c(b)(2).
[33] "Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative finding(s) will be." 20 C.F.R. § 416.920c(c)(1).
[34] "Consistency. The more consistent a medical opinion(s) or prior administrative finding(s) is with the evidence from other medical sources and non medical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be." 20 C.F.R. § 416.920c(c)(2).
[35] R:29, citing R:677-78.

...

**SIGNED** and **ENTERED** March 31, 2024.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**